**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **QUALITY REIMBURSEMENT SERVICES, INC.**<br>150 N. Santa Anita Ave.<br>Suite 570A<br>Arcadia, CA 91006<br>　　　　　　　　　　**Plaintiff**<br><br>　　　　　　v.<br><br>**CENTERS FOR MEDICARE AND MEDICAID SERVICES**<br>7500 Security Boulevard<br>Baltimore, MD 21244<br>　　　　　　　　　　**Defendant** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

This civil action is brought, pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), to compel the Defendant to produce the Provider Reimbursement Review Board's ("PRRB") jurisdictional decisions between July 25, 2008 and July 25, 2011.

**I.    JURISDICTION AND PARTIES**

1) This Court has jurisdiction over this civil action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2) Plaintiff, Quality Reimbursement Services, Inc. ("QRS"), is a consulting company that represents acute-care hospitals and other health care providers ("Providers"), including in hearings before the Provider Reimbursement Review Board, in order to ensure that the Providers receive all of the Medicare reimbursements to which they are entitled.

3) Defendant is a sub-agency of the United States Department of Health and Human Services, which administers the Medicare Program and the Provider Reimbursement Review Board, and which has ultimate control over the documents at issue in this Complaint.

**II.     BACKGROUND**

4)      The Medicare Act establishes a system of health insurance for the aged and the disabled.  Under the Medicare Act, an eligible Medicare beneficiary is entitled to have payments made by the Medicare Program on his/her behalf for inpatient and outpatient hospital services provided to him/her by a hospital participating in the Medicare Program as a "provider of services."  As such, the Secretary of Health and Human Services reimburses Providers for services provided to Medicare patients.   42 U.S.C. §§ 1395 to 1395ccc.   Medicare reimbursements are typically handled by Medicare Administrative Contractors (MACs), such as insurance companies, who make interim payments to Providers, then determine the proper amount of reimbursement for the entire fiscal year.  42 U.S.C. § 1395h(a). A Provider seeking reimbursement must submit an annual cost report to its assigned MAC. 42 C.F.R. §§ 413.20(a)-(b) and 413.24(f).  The MAC then audits the cost report, determines the reimbursement amount to which the Provider is entitled under the applicable statute and regulations, and issues a Notice of Amount of Medicare Program Reimbursement ("NPR"). 42 C.F.R. § 405.1803.

5)      Pursuant to 42 U.S.C. § 1395oo(a)(1)(A)(2), a Provider meeting certain jurisdictional prerequisites may appeal an NPR within 180 days of its issuance by requesting a hearing before the Provider Reimbursement Review Board ("PRRB").  42 C.F.R. § 405.1885.

6)      In exercising its authority to conduct hearings, the PRRB must comply with all provisions of the Medicare Act and regulations issued thereunder, as well as CMS Rulings issued under the authority of the Administrator of the CMS.  42 C.F.R. § 405.1867.

7)      Subject to judicial review before the U.S. District Courts, a decision of the PRRB is final unless the CMS Administrator reverses, affirms, or modifies the PRRB's decision.  42 U.S.C. § 1395oo(f)(1).

8) The Freedom of Information Act, 5 U.S.C. § 552, guarantees citizens access to an Agency's "final opinions, including concurring and dissenting opinions, as well as orders, made in the adjudication of cases." 5 U.S.C. § 552 (a)(2)(A).

9) An Agency has 20 business days from receipt of a FOIA request to determine whether it will comply with a request. 5 U.S.C. § 552 (a)(6)(A)(i).

10) CMS's FOIA Policies and Procedural Instructions (revised January 24, 2012) provide a deadline of 20 days from the receipt of an appeal an adverse FOIA determination in order for the Agency to make a decision on whether to produce the documents. *Id.* § 30.5 (B) ("CMS must make a determination on an appeal of a decision within 20 working days after receipt in the DFOI [Division of Freedom of Information].").

11) Although the CMS policy grants CMS the ability to extend the 20-day time limit by written notice to the requestor (*Id.* § 30.5 (C)(3)), CMS has never communicated the need for an extension of time in this case.

12) CMS's FOIA policies indicate that a civil action may be filed in the event that the specific time limit for processing the appeal is not met. *Id.* § 30.5 (C) ("The requester may take action in Federal District Court if the specific time limits are not met.").

13) With respect to exhaustion of administrative remedies, 5 U.S.C. § 552(a)(6)(C)(i) states that, "Any person making a request to any agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph."

**III.   FACTS**

14)   On October 31, 2011, QRS, through its undersigned counsel, requested the production of:

> All documents regarding decisions of the Provider Reimbursement Review Board (PRRB) in which the PRRB has accepted jurisdiction over, and/or considered evidence with respect to, a factor that was excluded from a Provider's Cost Report for reasons other than intentional self-disallowance, including among other things, items inadvertently excluded from the Cost report.

15)   On April 10, 2012, after numerous communications between counsel for the Plaintiff and PRRB officials responsible for FOIA requests, the request was modified to include, relevant to this civil action:

> Copies of all jurisdictional decisions between July 25, 2008 - July 25, 2011, inclusive;
>
> In light of the capacity to search the electronic versions of the decisions, we would like decisions that include the phrases (a) "discretionary jurisdiction;" (b) "omitted claims;" and (c) "unclaimed costs;

16)   On May 24, 2012, CMS submitted a request for advance payment in the amount of $2,128.00 associated with the estimated costs to conduct the requested searches.

17)   Plaintiff made the required payment, and CMS accepted and deposited the payment on June 6, 2012.

18)   On June 5, 2012 and June 6, 2012, counsel for the Plaintiff exchanged correspondence with one of the Defendant's FOIA Specialists regarding the production.

19)   On August 14, 2012 counsel for the Plaintiff requested an update on the status of the FOIA request. The same day, by return email, undersigned was advised that the matter had been assigned to another employee for "review and disclosure determination."

20)    On November 2, 2012, counsel for the Plaintiff again requested an update from the employee assigned to the matter. On November 13, 2012, counsel for Plaintiff was instructed

4

to contact CMS FOIA Director Michael Marquis.  Counsel for the Plaintiff left two voicemail messages for Director Marquis during the week of November 13, 2012, but Mr. Marquis did not respond to those messages.  Subsequently, counsel for the Plaintiff left voicemail messages for Mr. Marquis on December 17, 2012 and December 19, 2012.  None of these messages was ever returned.

21) Plaintiff, by and through its undersigned counsel, submitted an Appeal of the non-production on January 18, 2013.

22) Defendant acknowledged the Appeal in a correspondence dated January 28, 2013.

## IV. VIOLATION OF THE FREEDOM OF INFORMATION ACT

23) Plaintiff repeats each of the above paragraphs as if they were specifically re-stated here.

24) The 16-month delay (between October 2011 and the present) in production of the requested records constitutes an unreasonable delay and/or a denial of the request – despite the fact that the Plaintiff has paid $2,128.00 for the costs of responding to the FOIA request in June 2012.

25) WHEREFORE, Plaintiff requests this Court to:

(a) Declare that Defendant's failure to disclose the records requested by Plaintiff is unlawful;

(b) Order defendant to make the requested records available to the plaintiff within 30 days from the date of the Order granting the relief requested herein;

(c) Award plaintiff's costs and reasonable attorney's fees, as provided in 5 U.S.C. § 552(a)(4)(E); and

(d) Grant any other relief the Plaintiff may be entitled to and that the Court may deem to be just and proper.

Respectfully Submitted,

Leslie D. Alderman III
ALDERMAN, DEVORSETZ & HORA, PLLC
1025 Connecticut Ave., NW
Suite 615
Washington D.C. 20036
Tel. 202-969-8220
Fax 202-969-8224
lalderman@adhlawfirm.com